**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEVEN P. HASSMAN,
Plaintiff-Appellant,

v.

LOUIS CALDERA, in his official
capacity as the Secretary of the
Army,
Defendant-Appellee.

No. 00-1104

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-99-386-A)

Submitted: July 20, 2000

Decided: August 22, 2000

Before WILKINS and WILLIAMS, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

George M. Chuzi, KALIJARVI, CHUZI & NEWMAN, P.C., Wash-
ington, D.C., for Appellant. Helen F. Fahey, United States Attorney,
Joel E. Wilson, Special Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steven P. Hassman appeals the district court's orders granting summary judgment to the Secretary of the Army ("Army") on Hassman's claims of religious and national origin discrimination and reprisal under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000). We have reviewed the record and find no reversible error. Accordingly, we affirm.

Hassman raises three claims on appeal, alleging that the district court erred in: (1) ruling that the Army's decision not to recommend Hassman for an extension of his overseas tour did not constitute an actionable adverse personnel action; (2) ruling that Hassman failed to show that the Army's proffered legitimate, nondiscriminatory reasons for declining to give Hassman an acting program manger position were pretextual; and (3) finding that a written statement by Hassman's wife containing her account of a conversation with her supervisor constituted inadmissible hearsay.

First, we uphold the district court's determination that the Army's decision not to recommend Hassman for an extension of his overseas tour did not constitute an actionable adverse employment action. Title VII does not regulate all activities in the workplace; rather, it regulates only adverse employment decisions. See Boone v. Goldin, 178 F.3d 253, 255-56 (4th Cir. 1999); Page v. Bolger , 645 F.2d 227, 233 (4th Cir. 1981) (en banc). Thus, Hassman is only protected against discrimination with regard to "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." Page, 645 F.2d at 233. Our review of the record convinces us that Hassman was hired subject to the terms of the Army's tour rotation policy and remained under the policy during his employment. Further, we note that Hassman has retained his position, performs the same duties, and receives the same pay as he did prior to the allegedly dis-

2

criminatory acts. Accordingly, we find that Hassman has not suffered an adverse employment action.

Second, we find that the district court did not err in finding that Hassman failed to show that the Army's nondiscriminatory reasons for declining to detail Hassman to an acting program manager position were pretextual. The record indicates that Hassman stated that he would not accept a similar position without a promotion to GS-13. Because the program manager positions were both classified as GS-12 and did not involve an increase in grade or salary, we find that the Army reasonably concluded that Hassman would not be interested in these positions. Additionally, we find that Hassman failed to provide sufficient evidence to show: (1) the duties and qualifications of the new positions; (2) that he was qualified for the positions; and (3) that he was more qualified for the positions than the selected candidates. See Taylor v. Virginia Union Univ., 193 F.3d 219, 232 (4th Cir. 1999) (holding that to successfully challenge the selection of another candidate, the litigant must establish that he is better qualified for the position), cert. denied, ___, U.S. ___, 120 S. Ct. 1243 (2000).

Finally, we find that the district court correctly concluded that Mrs. Hassman's proffered statement was inadmissible hearsay not falling within any exception to the hearsay rule. Mrs. Hassman's statement described a conversation with her supervisor, Major Zeleznik, regarding Hassman's employment. Hassman contends that the statement is admissible as an admission made by a party's agent or servant concerning a matter within the scope of the agent's employment pursuant to Fed. R. Evid. 801(d)(2)(D). In order for a statement to constitute a party admission, however, the proponent for admission must produce independent evidence showing that the scope of the declarant's authority included the matters discussed in the alleged conversation. See Precision Piping & Instruments, Inc. v. E.I. du Pont de Nemours & Co., 951 F.2d 613, 619-20 (4th Cir. 1991). Despite ample opportunity, Hassman was unable to produce any independent evidence showing that the scope of Major Zeleznik's authority included any matters related to Hassman's employment.

Accordingly, we affirm the orders of the district court. We deny Hassman's motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately pre-

3

sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED